**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25887-CIV-KUNTZ**

**ROMIER GONZALEZ GALVEZ**,

Plaintiff,

v.

**WARDEN, KROME SERVICE PROCESSING CENTER**, *et al.*

Respondents.
______________________________________/

**ORDER DISMISSING PETITION**

**THIS CAUSE** comes before the Court on the Respondent's Amended Response to Habeas Petition [ECF 6], filed on August 26, 2026, following Middle District of Florida Judge Kyle Dudek's order to show cause [ECF 3] why the court should not grant the Petition of Romier Gonzalez Galvez for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "**Petition**") [ECF 1].[1] The Petition from July 28, 2026 indicates that U.S. Immigration and Customs Enforcement (ICE) detained the petitioner on either May 23, 2026 or May 25, 2026 [ECF 1 at page 2, and ECF 6 at page 1]. Petitioner failed to appeal his removal order, which became final upon waiver. *See* 8 C.F.R. § 1003.39. To that end, the Petition offered three grounds for habeas relief, but they are equally inscrutable in appealing to "the interest of justice," invoking "due process," and alleging a statutory violation devoid of any supporting facts. *Id.* at 2. Overall, it is worth highlighting part of the Bond Memorandum dated to July 1, 2026: "since coming to the United States the [petitioner] has shown

---

[1] Because Petitioner is being held in a facility located within the Southern District of Florida, Judge Dudek issued an order transferring the case from the Middle District of Florida to this Court. [ECF 7].

little regard for the laws of this country" [ECF 6 at page 16]. The petitioner essentially seeks willful blindness toward the circumstances of his confinement, circumstances that include him being charged with several crimes in Broward County including grand theft auto and stolen property. After careful review of the record and being otherwise fully advised in the premises, the Court **DENIES** the Petition.

Habeas corpus is "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). If held in violation of the Constitution or federal law, petitioners may seek habeas relief. *See* 28 U.S.C. § 2241(c)(3). Thus, this Court's jurisdiction extends to challenges of immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

However, the Petition makes no mention of *Zadvydas*, whose holding—that the Fifth Amendment bars indefinite detention for aliens who do not appear to be removable—does not afford any relief in this case. *See Zadvydas*, 533 U.S. at 690–96. Put simply, no facts alleged in the Petition suggest an overly long detention or defeat the government's legitimate interests in areas such as ensuring public safety or combating flight risk, which *Zadvydas* does not disturb (and the Supreme Court has not limited). *Id*. at 690. Again, as noted by the Response (but unmentioned by the Petition), the petitioner received an individualized bond hearing on July 9, 2026 [ECF 6 at page 2]. Because ICE has lawfully detained the petitioner for less than six months, the petitioner has no basis for immediate release [ECF 1 at page 2].

Generally, alien detainees have no right to an individualized bond hearing for at least the first six months pending removal under *Demore v. Kim*, 538 U.S. 510 (2003). *See also Morales v. Noem*, --- F. Supp. 3d ---, 2026 WL 236307, at *9 (S.D. Fla. Jan. 29, 2026). Furthermore, even "[a]fter this 6–month period [elapses]," the alien still needs to "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" before "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701; *Akinwale v.*

*Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Ultimately, the Petition lacks any good reason less than six months later, especially where it fails to mention the arrest on March 20, 2026 for grand theft auto that led to the petitioner's encounter with ICE [ECF 6 at page 7]. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Petition [ECF 1] is **DISMISSED**. The Clerk of Court must **CLOSE** this case and **DENY AS MOOT** all pending motions.

DONE in Chambers in Fort Lauderdale, Florida on this 31st day of August 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: Pro se parties and counsel of record